## Commonwealth *v.* Swift, Appellant (No. 1).

*Practice—Trial—Harmless error.*

1. A conviction in a criminal case will not be reversed because of a slight inaccuracy in the trial judge's statement of the testimony, where counsel does not call the judge's attention to the mistake at the time, and the judge in express terms tells the jury to take all the testimony and consider it as they remember it.

*Criminal law—Bribery—Evidence.*

2. On the trial of an indictment for bribery where the commonwealth shows that the defendant received a sum of money from one of the witnesses, such witness may be permitted to testify from what source he received the money.

3. Where, in such a case, an accomplice testifies that he received the money at a certain house, another witness may testify that he saw the accomplice coming from the house designated with a package.

*Trial—Practice—Keeping jury together.*

4. On the trial of a public officer for bribery it is within the sound discretion of the trial judge to keep the jury together, and such discretion will not be reviewed by the appellate court where there is nothing to show that it was abused.

*Criminal law—Trial—Bill of particulars.*

5. Where a bill of particulars is furnished to a defendant at his request in a criminal prosecution, and the case is then put at issue to be tried on the merits, it is too late at the trial to object to the insufficiency of the bill of particulars.

Argued Oct. 4, 1910. Appeal, No. 51, April T., 1911, by defendant, from judgment of Q. S. Allegheny Co.,

COMMONWEALTH *v.* SWIFT, Appellant (NO. 1). 547

March Sessions, 1910, No. 463, on verdict of guilty in case of Commonwealth v. M. L. Swift, Jr.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Indictment for bribery.   Before FRAZER, J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1–6) various rulings and instructions which sufficiently appear by the opinion of the Superior Court.

*E. Englert,* with him *Thos. M.* and *Rody P. Marshall,* for appellant.—In misdemeanors, it is the general practice to permit the jury to separate during the trial: McCreary v. Com., 29 Pa. 323.

It has been universally held that the bill of particulars must set forth the dates upon which the alleged crime was committed, or evidence relating thereto will not be received: Ledbetter v. United States, 170 U. S. 606; United States v. Adams Express Co., 119 Fed. Repr. 240; Williams v. Com., 91 Pa. 493; Com. v. Bartilson, 85 Pa. 482.

*Warren I. Seymour,* with him *W. A. Blakeley,* for appellee.

OPINION BY MORRISON, J., November 21, 1910:

On March 21, 1910, M. L. Swift, Jr., appellant, was indicted at No. 365, March sessions, 1910, for unlawfully and corruptly soliciting, demanding and receiving from John F. Klein the sum of $81.10 for the promise of his vote and official influence, as a member of the common council of the city of Pittsburg, in favor of the passage of a certain ordinance for the vacation of South Seventh street, in the south side of the city of Pittsburg. On March 28, 1910, the same appellant was indicted at No. 463,

March sessions, 1910, for unlawfully and corruptly so-
liciting, demanding and receiving from John F. Klein the
sum of $100 for the promise of his vote and official influ-
ence as a member of the common council of the city of
Pittsburg, in favor of the passage of a certain ordinance
authorizing and directing the mayor to enter into con-
tracts and agreements with certain banks of the city of
Pittsburg.

Counsel for appellant say that, "Both of these indict-
ments were treated as one indictment with two counts
and were tried at one time at Nos. 365 and 463, March
sessions, 1910, and from the time of the calling of the jury
until the appeal both cases were treated as one. It is im-
possible to separate the charge of the court or the opinion
with relation to the different indictments or counts, so
that but one set of assignments of error is made to the
ruling of the court."

We remark that these appeals grow out of indictments
based upon the same ordinances referred to in Common-
wealth of Pennsylvania v. A. V. Simon, ante, p. 538,
in which appeals to Nos. 47 and 48, April Term, 1911,
have been argued at the same term at which the
present appeals were argued. A notable distinction be-
tween the cases, however, arises from the fact that in the
present appeals the commonwealth was able to offer some
testimony in each case in corroboration of the principal
witness, John F. Klein, and, therefore, we do not have the
same question to deal with as to corroboration which was
before us in the Simon appeals.

At the trial of the present case the defendant's counsel
presented no points and they asked for no specific instruc-
tions, except a request made at or near the close of the
charge in regard to the testimony of the transaction at
the Monongahela house and upon which the court imme-
diately charged the jury in substance as requested by the
counsel.

The six assignments of error found in the record have
been examined with care, and we have carefully read and

considered the charge of the court, and we are not able to reach the conclusion that the assignments of error, or any of them, call for a reversal of the judgment in either appeal.

The first assignment consists of an excerpt from the charge. But we regard the charge as adequate and full and we cannot agree that the portion of it quoted in the assignment calls for a reversal of the judgment. The first assignment is dismissed.

It seems that the excerpt from the charge quoted in the second assignment is not precisely what the witness Hamilton said in regard to seeing the money connected with the South Seventh street matter. But the trial judge plainly told the jury, at the close of the charge, "You will take all the testimony on the part of the commonwealth and on the part of the defendant, and consider it as you remember it and arrive at a conclusion according to your own memory or recollection of the testimony." We think this sufficient to correct the slight inaccuracy contained in the second assignment. Moreover, it is apparent that the court endeavored to state Hamilton's testimony correctly and if the counsel was not satisfied with the charge, the court's attention ought to have been called to the inaccurate statement, and if that had been done, no doubt it would have been corrected. The second assignment is dismissed.

The third assignment relates to the examination of John Klein, the witness for the commonwealth, in regard to where a sum of money came from. This was objected to as irrelevant and incompetent as against the defendant on trial. The objection was overruled and the witness was permitted to state, in substance, that he got $6,000 from Dr. Weber for the members of common council for their vote on the vacation of South Seventh street. Now when the commonwealth followed this up with evidence tending to show that the appellant received some of this money, we fail to see that the testimony was either irrelevant or incompetent. The commonwealth alleging that Klein received money for the purpose of bribing members

of common council, and especially the defendant, surely had a right to show that Klein received the money and who from. The third assignment is dismissed.

The fourth assignment relates to the examination of Ollie Hamilton, a witness for the commonwealth. This testimony was manifestly offered to corroborate Klein and it did so, because it shows that when Klein came out of Dr. Weber's house he had a package. We think this testimony was competent and relevant, not only as to that portion of it already referred to, but also the remainder of it in regard to the witness going to a bank and then to a drug store and finding Klein there and that Klein had the money with him in the drug store. The fourth assignment is dismissed.

The fifth assignment raises the question of the power of the court to keep the jury together during the trial or as the assignment states it, "The court erred in imprisoning the jury during the entire trial and keeping them under the custody of an officer." Under the conditions evidently existing in Allegheny county at the time of the trial it was probably a wise precaution for the court to keep the jury together, under the charge of an officer, during the trial. In our opinion this matter was within the discretion of the court and we discover nothing in the record showing any abuse of discretion in that respect. Moreover, it is not made to appear that the defendant was in any way injured or his case prejudiced by this action of the court. The fifth assignment is dismissed.

We discover no merit in the sixth assignment. It relates to the information furnished or not furnished by the district attorney in the bill of particulars. The defendant's counsel called for a bill of particulars which was furnished by the district attorney; the cases were put at issue and tried on their merits, and we think it irrelevant to attempt to inquire into the merits of the bill of particulars at the trial. But in any view of this assignment, we do not think it raises reversible error. The sixth assignment is dismissed.

The general charge was so full, impartial and adequate that at its close the able and experienced counsel for the appellant did not specify any error therein and they did not request any additional instruction to the jury, but contented themselves with having a general exception noted to the charge. Although not so requested the trial judge carefully charged the jury upon all of the important legal questions arising in the case, including reasonable doubt, credibility of witnesses, effect of evidence of good character, and cautioned the jury as to the danger of convicting a defendant on the uncorroborated evidence of an accomplice. In our opinion the appellant has no just cause of complaint as to the charge of the court or the rulings upon the admission and rejection of evidence.

The judgment at No. 51, April Term, 1911, is affirmed and it is ordered that the appellant, M. L. Swift, Jr., appear in the court below at such time as he may be there called and that he be by that court committed to serve that part of the sentence which had not been performed at the time this appeal was made a supersedeas.