## Commonwealth, Appellant, *v.* Robertson.

*Criminal law—Indictment—Quashing indictment—Record—Discretion of court.*

1. It is a wrongful exercise of the discretion of the court of quarter sessions to quash an indictment where the indictment is regular on its face, and the court gives no reason for its action, and there is nothing on the record or dehors the record to justify the order.

2. In passing upon a motion to quash an indictment the discretion which the court must exercise is a judicial, and not an arbitrary one.

*Criminal law—Indictment—Information—Disorderly house—Bawdy-house.*

3. An information which charges the defendant with keeping a bawdyhouse, and with keeping a disorderly house, is sufficient to support an indictment which charges in one count the offense of keeping a bawdyhouse and in the second count of keeping a disorderly house.

Argued May 1, 1911.   Appeal, No. 126, April T., 1911, by plaintiff, from order of Q. S. Cambria Co., Dec. T., 1910, No. 49, quashing indictment in case of Commonwealth v. Isaac Robertson.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Indictment for keeping a disorderly house, etc.   Before O'CONNOR, P. J.

From the record it appeared that Isaac Robertson, the defendant in this case, was arrested on an information

charging "keeping a bawdyhouse and place of prostitution and gambling," was given a preliminary hearing on that day, committed in default of bail, escaped, was rearrested and finally gave bail in the sum of $300 for his appearance at the December Term of the court of quarter sessions to answer the charge. An indictment was drawn against him in two counts, one for keeping a bawdyhouse and the other for keeping a disorderly house. On December 6, 1910, the grand jury returned a true bill as to said indictment. The cause was reached on December 15, 1910, but before the jury was sworn counsel for the defendant moved, orally, to quash the bill of indictment on the ground that the offense was not sufficiently alleged in the information on which the bill of indictment was predicated. The court sustained the motion.

*Error assigned* was the order of the court quashing the indictment.

*J. W. Leech,* with him *D. P. Weimer,* for appellant.— As matter of law the information was a sufficient statement of the offense. Com. v. Carson, 166 Pa. 179; Com. v. Dingman, 26 Pa. Superior Ct. 615; Com. v. Mallini, 214 Pa. 50; Com. v. French, 13 Pa. Dist. Rep. 275.

No printed brief for appellee.

OPINION BY PORTER, J., July 13, 1911:

The indictment against the defendant contained two counts, the first of which charged, in proper form, the keeping and maintaining of a common bawdyhouse, and the second count sufficiently charged the keeping, at the same time and place, " of a common, ill-governed, and disorderly house and place, to the encouragement of idleness, gaming, etc., to the common nuisance. . . ." The court below quashed the indictment, to which order the commonwealth excepted and from it now appeals. The record discloses the following unusual features: counsel for

the defendant alleged no reason why the indictment should be quashed, the learned judge of the court below stated no reason upon the record for his action, and the record discloses no sufficient reason for the making of the order from which the commonwealth appeals. The record shows an indictment good upon its face and that that indictment was stricken down simply because counsel for the defendant requested the court to so end the proceeding. The record does not disclose that counsel for defendant even put their motion in writing; all that it does disclose is, "On motion of counsel for defendant, indictment quashed by the court." The question presented by this record would, therefore, seem to be, Is the quashing of an indictment regular upon its face, without any reason given for such action, a valid exercise of judicial power? It is true that a motion to quash a bill has been treated as a proceeding addressed to the discretion of the court, a discretion regulated by judicial rule; and, according to the more common practice, perhaps the decision is not open to revision in the higher courts, but in Pennsylvania and in some others of the states the practice is otherwise: Commonwealth v. Bradney, 126 Pa. 199. Chief Justice GIBSON, in Commonwealth v. Church, 1 Pa. 105, said: "The indictment is unexceptionable in form; and we are, of course, bound to say the order to quash it was erroneous. This necessary consequence illustrates the rule stated by Mr. Chitty and other writers on criminal law, that, though the court has discretionary power over the subject, the exercise of it is to be guided by rules; and that an indictment is to be quashed only for some defect apparent in it, or in the caption of it; for instance, want of jurisdiction." It cannot be doubted that an indictment may be quashed for matters not apparent upon the face of the record; as, for instance, that the grand jury which found the bill had not been legally constituted, or that the proceedings before that body had been irregular, or that the defendant had in the proceeding which led up to the finding of the bill been deprived of some constitutional right. That

in passing upon the motion to quash, however, the discretion which the court must exercise is a judicial and not an arbitrary one is settled by the authorities above cited, to which may be added McCullough v. Commonwealth, 67 Pa. 30, and Commonwealth v. Keenan, 67 Pa. 203.

There was in the present case no suggestion that the indictment should be quashed because of matters de hors the record, there was no evidence produced, and the action of the court below must be judged by the record. There had been a hearing and a binding over. The two counts contained in the indictment are properly drawn, the offenses charged in the counts, respectively, are of a cognate nature, triable in the same court, and there was no impropriety in including them in one bill. It has been suggested, however, that the information upon which this indictment was founded was not sufficient to sustain the bill. The only question to be considered, in connection with this suggestion, is whether the written accusation which the defendant gave bail to answer sufficiently informed the defendant that he might be put on trial for the crime charged in the indictment. It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment. If the essential elements of the offense be set forth in terms of common parlance the information will be held to be sufficient: Commonwealth v. Carson, 166 Pa. 179; Commonwealth v. Mallini, 214 Pa. 50; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615. The information in the present case informed this defendant, in common, everyday language, that he was charged with the criminal acts constituting the offenses formally set forth in the indictment. The information was sufficient to support the indictment.

The order and judgment of the court of quarter sessions, quashing the bill of indictment, is reversed, the indictment is reinstated, and the record remitted for further proceedings according to law.