## Commonwealth *v.* Dean, Appellant.

*Criminal law—Assault and battery—Quashing indictment—Justice of the peace.*

1. An indictment for assault and battery will not be quashed because the prosecutor, the person assaulted, was employed as a civil engineer by a railroad company in doing construction work on the land of defendant's wife taken under the right of eminent domain, or because the justice of the peace who issued the warrant had been a witness for the railroad in condemnation proceedings, and had endeavored to secure amicably a right of way through the land in question.

2. An indictment may be quashed for matters not apparent on the face of the record, but when such matters are urged they must distinctly appear.

*Rules of court—Construction—Practice, Q. S.*

3. Where the court below construes a rule of court relating to new trials as applicable to civil causes only, and such construction is according to the settled practice of the county, the appellate court will not give the rule a different meaning, although it may be ambiguous in terms.

Argued March 2, 1914. Appeal, No. 18, March T., 1914, by defendant, from judgment of Q. S. Susquehanna Co., Aug. T., 1913, No. 12, on verdict of guilty in case of Commonwealth v. F. W. Dean. Before HENDERSON, ORLADY, HEAD and PORTER. Affirmed.

Indictment for assault and battery.    Before NEW-COMB, J.

From the record it appeared that the prosecutor L. G. Crouse was assaulted by the defendant on April 26, 1913. At the time of the occurrence Crouse was in the employ of the Delaware, Lackawanna & Western Railway Company in doing certain construction work on the land of defendant's wife, which had been taken by the railroad company in condemnation proceedings. The defendant objected to the work, and in interfering with it assaulted Crouse. The latter swore out a warrant before C. M. Shelp, a justice of the peace, who had been a witness for the railroad company in condemnation proceedings, and prior to such proceedings had endeavored to secure amicably a right of way through the land in question.

The court overruled motions to quash the indictment, based upon the disqualification of Crouse and Shelp, and at the trial a verdict of guilty was rendered. Dean was sentenced to pay the costs of prosecution.

*Errors assigned* were in refusing to quash the indictments and in sentencing the defendant.

*Edson W. Safford,* with him *John M. Kelly,* for appellant, cited: Boyer v. Potts, 14 S. & R. 157.

*John Ferguson,* with him *H. A. Denney,* for appellee, cited: Com. v. Swallow, 8 Pa. Superior Ct. 539; Com. v. Roth, 8 Pa. Superior Ct. 220; Com. v. Brennan, 193 Pa. 567.

OPINION BY ORLADY, J., April 20, 1914:

The alleged errors of which the defendant complains relate to facts which are not apparent on the face of the record. The transcript of the justice's docket distinctly informed him that he was charged on oath of L. G. Crouse, with having "committed an assault and

battery on him." There could not have been any doubt in the defendant's mind, as to the offense named or the person whom he was charged with assaulting. He appeared before the justice, and after a full hearing, entered bail for his appearance to the next term of the quarter sessions.

The prosecutor was but a witness for the commonwealth, and the fact that he was in the employ of a railroad company, then engaged in construction work under its right of eminent domain through the land of the defendant's wife, did not prevent the prosecutor from invoking the laws of the commonwealth to punish the indignant husband who committed an unwarranted battery upon him. Nor was the justice of the peace disqualified to take the information and issue the warrant for the defendant's arrest, because he had been a witness for the railroad in the condemnation proceedings, or had endeavored to secure amicably a right of way through the land. The jurisdictional act done by him was under and by virtue of his commission as a justice of the peace, and in so doing he was not acting as an attorney at law, or agent for a suitor in the court. The Act of April 14, 1834, P. L. 333, relates to proceedings on the civil side of the courts, and has no application to such a case as is here presented.

The indictment is unexceptional in form and to have quashed it for the reasons urged would have been plain error. While we held in Com. v. Robertson, 47 Pa. Superior Ct. 472, that an indictment may be quashed for matters not apparent upon the face of the record; as for instance, that the grand jury which found the bill had not been legally constituted, or that the proceeding before that body had been irregular, or that the defendant had in the proceeding which led up to the finding of the bill been deprived of some constitutional right, in the case before us there is no such irregularity suggested or shown. When such reasons are urged they must distinctly appear, as an indictment should not be

quashed except in a very clear case. Such a motion is held to be addressed to the sound discretion of the trial judge and when refused the defendant is left to his motion in arrest of the judgment. The description of the person and the crime charged must be sufficiently precise to fix the identity of the defendant and define the offense so as to properly measure the proof to be adduced, and it is sufficient that the charge be stated with such certainty that the defendant may know what he is called upon to answer, and that the court may know how to render the proper judgment thereon. Overnice exceptions are not to be encouraged is the rule, in this state: Chit. Civil Law, 170, 221; Com. v. Bank, 28 Pa. 391; In re Election Cases, 65 Pa. 20; Com. v. Church, 1 Pa. 105.

By the procedure act of March 31, 1860, P. L. 427, the extreme niceties and refined technicalities which theretofore prevailed in relation to indictments are abolished, and an indictment is now little more than a simple statement of the offense, such as good sense and regard for the accused alone would suggest: Com. v. Frey, 50 Pa. 245.

The rule of court urged by appellants, relating to new trials, has been construed to refer to civil causes only, and while it is ambiguous, we accept the construction given by the trial judge, who disposed of the case according to the settled practice in that county.

The defendant was charged with an ordinary crime in plain words; he was fairly tried and properly convicted on the testimony offered in his own behalf. The proceeding was regular to the taking of the verdict, and to reverse for the last reason presented by the appellant could not result in any benefit to him.

The judgment is affirmed.