## Commonwealth v. Zellers

*John P. Butt*, district attorney, for plaintiff.
*Keith & Bigham*, for defendant.

SHEELY, P. J., October 1, 1938.—This is a motion by defendant to quash summary proceedings instituted before a justice of the peace because of the alleged insufficiency of the information. The information alleges that defendant at a certain time and place operated a certain motor vehicle "contrary to the provisions of The Vehicle

Code [May 1, 1929, P. L. 905,] of the Commonwealth of Pennsylvania, which states in part:" (then follows the exact wording of section 1012 of the statute). This is the same form of information which we condemned in Commonwealth v. Bennett, 32 D. & C. 542. However, in the present information, after the recital of the statute, the following words appear: "This the defendant failed to do. Therefore, the defendant operated contrary to section 1012, subsec. ($a$), Act 403, as amended," and the information ends with a prayer that defendant be held to answer a charge of "failing to signal when turning from a direct line."

The statute alleged to have been violated by defendant requires every operator before starting, stopping, or turning from a direct line, to ascertain that the movement can be made in safety and to signal when another car may be affected by such movement. The information in the present case does more than allege that defendant violated a certain section of the statute which would be a mere conclusion of law. It sets forth defendant's duty under the circumstances and then alleges that, "This the defendant failed to do." While the form is not to be recommended, when taken as a whole, it, in effect, says: This defendant failed to signal before turning from a direct line when the movement of another vehicle may have been affected by such operation, thereby violating section 1012 of The Vehicle Code, supra.

The general rule relative to the requirements of informations is announced in Commonwealth v. Robertson, 47 Pa. Superior Ct. 472, and Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469 (1921), that if the information sufficiently informs defendant of the acts charged against him to enable him to prepare his defense, it is sufficient. This rule has been differently interpreted. In Commonwealth v. Bennett, supra, and in Commonwealth v. Harned, 25 D. & C. 578 (1936), it was held that a charge that defendant violated a certain section of The Vehicle

Code was insufficient, while similar informations were upheld in Commonwealth v. Huth, 28 D. & C. 407 (1936), and in Commonwealth v. Stiver, 32 D. & C. 319 (1938).

The present case is stronger than either the Bennett case or the Harned case because here defendant is charged with certain acts, or rather the failure to perform certain acts, and not merely with the violation of a certain statute. After reading the information in the present case, we do not believe that there could have been any doubt in defendant's mind of the charge against him. The information must, therefore, be sustained.

And now, October 1, 1938, defendant's motion to quash the above proceedings is dismissed, and the district attorney is directed to call defendant for hearing.