## Commonwealth v. Puff

*E. C. Moon*, for Commonwealth.

*J. W. McWilliams*, for defendant.

ROWLEY, P. J., March 12, 1941.—Defendant was arrested upon an information made before a justice wherein it was charged that defendant, in operating a motor vehicle upon route 62 in East Lackawannock Township, this county, "did then and there operate said motor vehicle carelessly and wilfully, or wantonly disregarding the rights and safety of other users of the highway or in such a manner so as to endanger other

persons and property . . . in violation of Sub. Sec. A Section 1001, Act 403, P. L. 1929, as amended."

Defendant waived summary hearing, and gave bail for hearing before the judge of the court of quarter sessions.

Subsequently defendant moved to quash the information "for the reason that said information is vague and indefinite, in that it fails to particularize wherein the defendant was guilty of reckless driving".

The portion of the information set out above is a verbatim quotation from subsection (*a*) of section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, as amended.

Section 11 of the Criminal Procedure Act of March 31, 1860, P. L. 427, 19 PS §261, provides:

"Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of the assembly prohibiting the crime".

In Commonwealth v. Romesburg, 91 Pa. Superior Ct. 559, the indictment charged that defendant " 'did unlawfully use registration plates on a motor vehicle other than that motor vehicle for which such registration had been issued, contrary to the act of assembly in such case made and provided' (Motor Vehicle Act of June 30, 1919, P. L. 678, as amended)."

The trial judge arrested the judgment because he deemed the charge in the indictment to be vague, indefinite, and uncertain.

The Superior Court said the indictment was drawn in the exact language of the act, and that (p. 562) "it was not necessary that it should identify with particularity the registration plates or the motor vehicle for which they were issued or that it should aver that they had been issued by the State Highway Department.

". . . the trend of the decisions of our Supreme Court has been toward sustaining an indictment as

good in substance, if the charge be stated with such certainty that the defendant may know what he is called upon to answer . . ."

"It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment. If the essential elements of the offense be set forth in terms of common parlance the information will be held to be sufficient: Commonwealth v. Carson, 166 Pa. 179; Commonwealth v. Mallini, 214 Pa. 50; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615": Commonwealth v. Robertson, 47 Pa. Superior Ct. 472, 475.

"The only question to be considered in connection with this suggestion, is whether the written accusation which the defendant gave bail to answer sufficiently informed the defendant that he might be put on trial for the crime charged in the indictment": Commonwealth v. Robertson, supra.

In the instant case it can scarcely be claimed either that the complaint is not substantially in the language of the act, or that the nature of the offense may not be easily understood from a reading of the information.

Defendant cites Commonwealth v. Gelbert, 170 Pa. 426, which was a prosecution for violation of the "Sunday Law". The information charged that on a specified date defendant sold certain merchandise, but failed to aver that the date was Sunday. Obviously, the act was not an offense except it be performed on Sunday. In Commonwealth v. Moller, 50 Pa. Superior Ct. 366, the information charged that defendant operated a vehicle at a greater speed than one mile in five minutes. This was a lawful rate except in special circumstances. In that case, as in the Gelbert case, the conduct averred was not an offense except in special circumstances, which circumstances the prosecution failed to aver.

The instant defendant complains in his brief that "No facts are detailed upon which a charge of reckless

driving could be based, it is not stated wherein the defendant drove upon the highway carelessly and wilfully or wantonly disregarding the rights or safety of others; nor is it averred that the defendant drove at excessive speed having due regard to the surface and condition of the highway or traffic; neither does the information charge that defendant weaved from side to side, nor that he passed other vehicles in an improper manner, or that he did any act in violation of the laws of this Commonwealth."

To hold that the information must set out the speed of operation, the conditions of the road and traffic, the details of his operation, etc., would be to require the prosecution to set out the evidence.

In Commonwealth v. Mallini, 214 Pa. 50, the information set forth that defendant "did kill and murder" one Antonio Rippe.

Objection was made that the information did not show probable cause. The court said:

"As to the first (supra, p. 52) it is sufficient to say that the deponent made positive affidavit of the fact of killing. There is no rule in regard to this or any other proceeding that an affirmative averment must set out the evidence on which the deponent makes it."

"The complaint must also contain a direct and positive charge against the defendant and *not merely facts amounting to a presumption of guilt,* however sufficient such facts may be as prima facie evidence against him": Commonwealth v. Gelbert, 170 Pa. 426, 429. (Italics supplied.)

Defendant cites Commonwealth v. Bennett, 32 D. & C. 542, Commonwealth v. Douglas, 31 D. & C. 234, and Commonwealth v. Davis, 17 Wash. Co. 63, in support of his contention that the information is insufficient.

In Commonwealth v. Bennett the information merely charged that defendant did "unlawfully operate a Ford truck bearing Penna. Reg. No. T375E in violation of section 1003, Act of 403, which reads as follows . . ."

This was followed by a quotation from the act describing what act was prohibited, but there was no direct averment that defendant had done the prohibited act. The court quashed the information.

It is to be noted that in Commonwealth v. Zellers, 34 D. & C. 43, Judge Sheely, who wrote the opinion in Commonwealth v. Bennett, supra, sustained a somewhat similar information, saying:

"This is the same form of information which we condemned in Commonwealth v. Bennett, 32 D. & C. 542. However, in the present information, after the recital of the statute, the following words appear: 'This the defendant failed to do.' "

Judge Sheely said further:

"The information in the present case does more than allege that defendant violated a certain section of the statute which would be a mere conclusion of law. It sets forth defendant's duty under the circumstances and then alleges that, 'This the defendant failed to do'."

In quashing the information in Commonwealth v. Davis, supra, the court said (p. 64):

". . . there is nothing in the information charging that the defendant did these things, viz. drove a vehicle on the highways carelessly and wilfully or wantonly, &c. The only matter charged in the information is that the defendant 'violated motor vehicle laws Section 1001 by reckless driving.' "

This is not the situation in the instant information, consequently the foregoing decision is not an authority in support of defendant's motion to quash.

We are aware that an information similar to the instant one was quashed in Commonwealth v. Douglas, 31 D. & C. 234. On the other hand, Commonwealth v. Huth, 28 D. & C. 407, Commonwealth v. Stiver, 32 D. & C. 319, and Commonwealth v. Kline, 35 D. & C. 19, sustained the informations.

The information in the instant case directly charges that defendant "did then and there operate said motor

vehicle carelessly and wilfully or wantonly disregarding the rights and safety of the other users of the highway or in such a manner so as to endanger other persons and property."

It is difficult to see how the offense could be more specifically and accurately charged.

Defendant's contention is, in effect, that the evidence to support the averment should be set out in the information. In our opinion, this would be not only unnecessary but improper.

In our opinion the instant information is sufficient to support the proceedings.

We are, therefore, constrained to overrule defendant's motion to quash.

### Order

And now, March 12, 1941, this matter came on for argument upon defendant's motion to quash the information, whereupon, after due consideration, it is ordered, adjudged, and decreed that the motion to quash be overruled.