Commonwealth, Appellant, *v.* Hershman.

Argued April 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Harry A. Estep*, with him *Earle T. Adair* and *Robert A. Doyle*, Deputy Attorneys General, for appellant.

*James P. McArdle*, with him *P. J. McArdle*, for appellees.

OPINION BY HIRT, J., July 17, 1952:

On petition of the Attorney General of the Commonwealth the Court of Quarter Sessions of Allegheny County directed that a special grand jury be impaneled to investigate alleged lack of law enforcement in certain boroughs within the County of Allegheny. The grand jurors called for that purpose when sworn, were instructed by the court as to their duties and the restrictions upon the scope of their inquiry. The investigation with which we are concerned has to do with

the Borough of McKees Rocks. In its presentment the grand jury reported that it had heard more than 100 witnesses and examined bank accounts, deposit slips and checks and other exhibits including the Dockets of proceedings at hearings held by the Burgess of the Borough. From the evidence before it the investigating grand jury in the present presentment recommended the indictment of David Hershman, Burgess of McKees Rocks, for Misdemeanor [i.e., malfeasance] in Office. The special grand jury recommended other prosecutions in McKees Rocks. The presentment was filed in the court below on January 18, 1951 and thereupon the Attorney General was ordered by the court "to submit to a [regular] Grand Jury for its consideration the indictments as recommended in said Presentment". Three indictments, so ordered, were filed on February 23, 1951. They charged David Hershman, and other officers of the borough with various offenses. After the bills were returned by the regular grand jury, they were quashed on motion of the defendants by order of the lower court en banc. Although the Commonwealth appealed from the orders in each instance, the Deputy Attorney General appearing for appellant limited his argument before us to the first count of Bill No. 655 and agreed that the orders otherwise may be affirmed.

The first count of that bill and the only count with which we are concerned, charges that: "David Hershman, late of the County aforesaid, on the eighth day of December in the year of our Lord One Thousand Nine Hundred and Fifty, and divers other times prior to that date, at the County aforesaid and within the jurisdiction of this Court, being then and there a lawfully elected Burgess of the Borough of McKees Rocks, a municipal corporation under the laws of the Commonwealth of Pennsylvania, and being then and there duly qualified and acting as such Burgess of the Borough

of McKees Rocks, did then and there wilfully misbehave himself in said office in that he knowingly, *wilfully,* and corruptly and in violation of his oath of office *procured,* permitted, and allowed Nicholas Antonelli, Chief of Police of said Borough of McKees Rocks, and all other subordinate officers or employees of said Police Department, to fail to enforce the laws of the Commonwealth of Pennsylvania, and in the official performance of his duties as such Burgess failed to enforce the laws of the Commonwealth of Pennsylvania by knowingly, *wilfully,* corruptly, and unlawfully permitting the commercial operation of houses of ill fame, gambling, houses frequented by persons for lewd and unchaste purposes, houses and places where intoxicating liquors were sold without license and contrary to the laws of the Commonwealth of Pennsylvania, and knowingly, *wilfully,* and corruptly permitted vice and corruption to exist in an open, notorious manner in the Borough of McKees Rocks and to the great scandal, dishonor and prostitution of the public justice of said Commonwealth, to the evil example of all others in like case offending and against the peace and dignity of the Commonwealth of Pennsylvania." (Italics supplied)

On motion of that defendant the court had ordered the Commonwealth to submit a bill of particulars. The opinion of the lower court indicates that it considered the bill of particulars as interpretive of the indictment and taking the view that proof of the facts to the extent so particularized could not sustain the charge, quashed the indictment in the exercise of its discretion. The well-settled rule is stated in *Com. v. Hegedus,* 44 Pa. Superior Ct. 157, 159, as follows: "Whilst it is true that a motion to quash a bill for matters dehors the record is addressed to the discretion of the court, a discretion regulated by judicial rule, and it is also true that according to the practice in some jurisdic-

tions the decision is not open to review in the higher courts, yet in Pennsylvania the practice is otherwise and it is well settled that for error of law apparent in the record the quashing of an indictment may be reviewed and reversed on appeal: Com. v. Bradney, 126 Pa. 199; Com. v. New Bethlehem, 15 Pa. Superior Ct. 158." The discretion exercised by the court must be a judicial and not an arbitrary one. (*Commonwealth v. Robertson*, 47 Pa. Superior Ct. 472) i.e., "a discretion regulated by judicial rule": *Commonwealth v. Bradney*, 126 Pa. 199, 204, 17 A. 600. In our view the lower court exceeded its discretionary power in this instance. The order will be reversed.

The function of a special grand jury is to inform the court as to the facts under investigation with a view to determine against whom, if anyone, there is sufficient just suspicion to warrant holding him for trial. Cf. 24 Am. Jur., Grand Jury, §2; *Frisbie v. United States*, 157 U. S. 160, 15 S. Ct. 586. And since the indictment of David Hershman was ordered, we must assume that from the presentment in this instance, based upon the evidence before the grand jury, the lower court was convinced that the charge was upon probable cause. We do not agree with appellee that the single count, with which we are concerned, charges passive nonfeasance merely. The report of the grand jury charged the Burgess of the Borough with active malfeasance in office. And the indictment quoted above, with the emphasis which we have indicated by italics, clearly follows the recommendation of the presentment and charges positive malfeasance in office.

The court properly concluded that the accused in this instance was entitled to a bill of particulars and the Commonwealth was bound to take his rule seriously. This was not done. The so-called bill of particulars filed by an Assistant Deputy Attorney General, merely refers to the presentment perfunctorily and without

supplying the requested information. This defendant had access to the presentment which had been filed of record, and the particulars of the offenses there reported. Under the order of the lower court he was entitled to more, and the Commonwealth was bound to supply it for his information in preparing his defense.

But the fact that the bill of particulars as filed in this case was wholly inadequate, was no ground for a motion to quash the indictment. A motion for a bill of particulars does not question the sufficiency of an indictment but rather assumes its validity. When filed, such bill of particulars does not become a part of the indictment. It therefore cannot remedy by way of amendment a fatal defect in an indictment which charges no offense under the law (*Commonwealth v. B. & O. R. R. Co.*, 223 Pa. 23, 72 A. 278) and, similarly, an indictment good on its face is not rendered demurrable or subject to a motion to quash by a defective or inadequate bill of particulars. 42 C. J. S., Indictments and Informations, §156(d). A bill of particulars is no more than a pleading, the legal effect of which is to limit the proofs at the trial of the case but it is amendable, with leave of court, up to the time of trial even to supply additional averments opening the door to proofs essential to a conviction.

In this case the indictment is sufficient, since it charges that an offense has been committed and describes the same so plainly that its nature easily may be understood by a jury. Since the indictment meets this standard, the remedy is not by motion to quash but by rule for a more specific bill of particulars (*Commonwealth v. Lenhart*, 40 Pa. Superior Ct. 572; *Commonwealth v. Swift*, 44 Pa. Superior Ct. 546) to give the defendant information necessary for the preparation of his defense. *Com. v. New Bethlehem Borough*, supra, p. 164.

The order as to the first count of Bill 655 is reversed with a procedendo. The orders otherwise are affirmed.

Judge GUNTHER would affirm the order as to all counts.