## Commonwealth v. Ulsh

*William H. Saye* and *Huette F. Dowling*, for Commonwealth.

*Caldwell, Fox & Stoner*, for defendant.

KREIDER, J., August 8, 1955.—This case is before the court for a ruling on defendant's "Further Exceptions to a More Specific Bill of Particulars" filed by the district attorney and defendant's "Motion for rule to proceed only on the two items specifically charged".

Defendant was indicted to no. 72 June sessions, 1954, on two counts: Larceny by employe and fraudulent conversion. This indictment charged defendant with unlawfully withholding and converting $3,190, more or less, while employed as a bakery route man. In response to defendant's motion, a bill of particulars was filed by the district attorney which averred the facts upon which the alleged crimes of larceny by employe and fraudulent conversion are based. This bill alleged two specific transactions of withholding and conversion by defendant.

Defendant then filed exceptions to this bill and moved that an amended bill be filed. In compliance with this motion the district attorney filed a "More Specific Bill of Particulars" to which defendant has filed the present exceptions and motion as above stated. Defendant now objects to the sufficiency of the amended bill for the reason that it is substantially a restatement of the indictment and the original bill of particulars.

Defendant contends that since the bill charges over-statements in the accounts receivable and withholding and conversion of the sum of $3,190, more or less, but particularizes the same in only two instances totaling $42.70, the Commonwealth must amend the bill to show specifically the other accounts overstated and the amounts withheld and converted or be limited to proof of the two particular transactions set forth. Defendant contends that he will be unable to make an adequate defense unless an amended bill is filed or the proofs are limited.

The Commonwealth's answer avers that the bill as amended contains all the facts it has regarding specific transactions and that defendant has been fairly notified of the nature and cause of the accusations against him.

The amended bill of particulars outlines a method of overstating accounts receivable which, it is contended, evidences the crimes charged. In addition to two overstatements in defendant's route book of customers' accounts receivable, the Commonwealth alleges facts which tend to show that defendant submitted fraudulent balance statements to his employer. These statements showed accounts receivable of $3,198.60 in excess of the actual accounts receivable and are alleged by the Commonwealth to constitute evidence of the offenses charged and an admission by defendant that he withheld and converted that sum of his employer's money which was received by him in the course of his employment. Averments are made that defendant, when questioned by his employer regarding these overstated accounts of balances receivable admitted that he was "short". Defendant, it is alleged, handed over to his employer an adding machine tape at this time and told him, without further explanation, to add this figure, $3,198.60, to the actual accounts receivable.

The purpose of a bill of particulars is to inform defendant of the specific acts and attending circumstances of the crime charged so as to prevent surprise or injustice at the trial because of lack of advance information: Commonwealth v. Buccieri, 153 Pa. 535 (1893) ; Commonwealth v. Rhey et al., 140 Pa. Superior Ct. 340, 346 (1940). The general rule is that the effect of filing a bill of particulars is to restrict the proof to the matters set forth therein: 8 A. L. R. 550, citing Williams v. Commonwealth, 91 Pa. 493, 502 (1879). This view is reaffirmed in Commonwealth v. Hershman, 171 Pa. Superior Ct. 134, 139 (1952).

With respect to defendant's "Motion for a rule to proceed only on the two items specifically charged", it must be borne in mind that a bill of particulars "is not to be used to fetter the prosecuting officer in the conduct of the case": Sadler on Criminal Procedure in Pennsylvania, vol. 1, §359, p. 432, citing Commonwealth v. Volkavitch, 5 Kulp 75. A more recent case which supports this doctrine is Commonwealth v. Hershman, supra, in which our Superior Court, speaking through Judge Hirt, said, at p. 139:

". . . A bill of particulars is no more than a pleading, the legal effect of which is to limit the proofs at the trial of the case *but it is amendable,* with leave of court, *up to the time of trial even to supply additional averments opening the door to proofs essential to a conviction.*" (Italics supplied.)

It is obvious that to grant defendant's motion would "fetter the prosecuting officer" in the conduct of this case because he would be prevented from using additional evidence which might become available prior to the time the case is called for trial.

In Commonwealth v. Weiner, 49 Dauph. 431 (1940), defendant was charged with making false pretenses to persons whom he solicited to sign nomination papers of Communist Party candidates. Defend-

ant moved for a bill of particulars requesting the names of the parties to whom he made the alleged false representations. The district attorney filed a bill of particulars stating *what* defendant's false and fraudulent statements were and *where* defendant could find the names of the persons to whom they were made. This court in an opinion by President Judge Hargest refused to order the district attorney to furnish the names and held that to require him to do any more than he had done would be "to require him to plead the evidence on which he relies", and further said:

"The defendant is presumed to know what signatures he secured and he can readily defend against the indictment as drawn and supplemented in the answer to the bill of particulars."

Likewise, in the instant case, defendant having had exclusive charge of collecting the moneys due from his employer's customers on his bakery route, is presumed to know those accounts which he overstated and what funds he misapplied, if such be the case.

The Commonwealth does not have to prove defalcations equaling the total amount allegedly withheld and converted: Commonwealth v. Winegrad, 119 Pa. Superior Ct. 78, 40 Dauph. 245, 250 (1935). It has averred with particularity the facts it has regarding specific overstatements of customers' accounts receivable as carried in defendant's route book and the method used by him to conceal the total amount of his employer's funds which he allegedly misapplied, together with defendant's admissions concerning the same.

We think these allegations sufficiently advise defendant of the nature and cause of the charges made against him and that there is no basis for further exceptions or his motion accompanying same.

Wherefore, we make the following

*Order*

And now, August 8, 1955, defendant's exceptions to the Commonwealth's "More Specific Bill of Particulars" and his "Motion for rule to proceed on the two items specifically charged" are herewith severally overruled and the district attorney is directed to call defendant for trial.