## Commonwealth v. Carey

*Robert M. Harris* and *C. J. Friedberg*, for Commonwealth.

*Cletus C. Kilker*, for defendant.

PALMER, P. J., July 23, 1956.—In this case, defendant has been indicted on a charge of involuntary manslaughter.

On September 7, 1955, a rule issued upon the district attorney to show cause why he should not furnish defendant a bill of particulars. On October 11, 1955, the district attorney filed a bill of particulars as follows:

"The Commonwealth will prove that on or about April 7, 1955, at approximately 12:10 o'clock A. M., the defendant was operating an automobile in such a reckless and unlawful manner along a public highway known as Centre Street in Mt. Carbon, Schuylkill County, Pennsylvania, as to cause the automobile to leave the highway and upset causing the death the same day of Richard J. Wagner, a passenger in the automobile operated by the defendant."

On October 31, 1955, defendant then obtained a rule to show cause why the district attorney should not furnish him with a more specific bill of particulars

and the question, therefore, before us is whether the last rule should be made absolute.

Paragraph 10 of the petition under which the last rule was issued read as follows:

"That the bill of particulars, as filed, does not reveal whether the defendant is charged with the doing of an unlawful act, and if so, what that act was; nor does it show if the defendant is charged with the doing of a lawful act in an unlawful way, and if so what particular conduct rendered the lawful act unlawful."

While this averment is highly complicated in its latter part, the bill of particulars does state defendant operated his car in a reckless manner causing the car to upset and causing the death of Richard Wagner. The paragraph asks for evidence and this defendant has no right to ask or the court to direct: Sadler's Criminal Procedure in Pennsylvania, vol. 1, pp. 431, 432, §358, citing Commonwealth v. Buccieri, 153 Pa. 535; Commonwealth v. Applegate, 1 Dist. R. 127; Commonwealth v. Muckley, 42 Pa. C. C. 93, 28 York 25.

Moreover, it has long been held that the matter of directing that a bill of particulars be filed is within the sound discretion of this court, and acting upon this rule, the court is of the opinion that a more specific bill of particulars should not be directed to be filed.

And now, July 23, 1956, defendant's rule for a more specific bill of particulars is discharged.

And now, July 23, 1956, on motion of Cletus C. Kilker, Esq., attorney for defendant, an exception is allowed.

Judge Dalton dissents.

### Dissenting Opinion

DALTON, J., July 23, 1956.—I cannot agree with the result reached by the majority opinion. With all deference and respect for my colleagues, I think that the decision now announced rests upon a mistaken con-

ception of the distinction between the ultimate, material facts of a case and the evidence by which the facts are to be proved, that the decision defeats the very purpose which a bill of particulars is intended to serve, that it denies to a defendant in a criminal case information which would be accorded as a matter of right to a defendant in a civil case and that it raises grave doubts whether it is consistent with defendant's constitutional rights to procedural due process and equal protection of the law.

An application for a bill of particulars is proper where an indictment, by reason of the generality of its terms, fails to give defendant notice "of the specific matters which would be attempted to be proved against him on the trial": Williams v. Commonwealth, 91 Pa. 493, 502. As Mr. Justice Trunkey said in that case: "In simplifying indictments, it was not the intendment to make their brief and comprehensive terms a cover for snares to be sprung on the accused." The purpose of a bill of particulars is "to give the defendants notice of the particular acts relied upon by the Commonwealth to establish (the offense charged)": Commonwealth v. Bartilson, 85 Pa. 482, 488. It is a pleading, the legal effect of which is to limit the proofs at the trial of the case: Commonwealth v. Hershman, 171 Pa. Superior Ct. 134, 139.

In the case at bar, defendant had moved for a bill of particulars, requesting a specification of the particular act or omission wherewith he was charged. The Commonwealth stipulated and agreed to give him that information. It was bound to take its stipulation seriously (Commonwealth v. Hershman, supra, 138), but it failed to do so.

Apart from relatively inconsequential details of time and place, all that defendant has been told in the alleged bill of particulars filed is that he is charged

with "*operating an automobile in such a reckless and unlawful manner . . . as to cause the automobile to leave the highway and upset.*"

As defendant rightly states in paragraph 7 of his petition for a more specific bill, the foregoing averment "*is simply a general and all inclusive statement under which the District Attorney could submit evidence without limitation.*" It fails to define and limit the issues to be tried and *it gives defendant no information which would enable him properly to prepare his defense.*

*Defendant has asked for specification of particular facts. The Commonwealth gave him nothing but a bald conclusion of law. In the absence of supporting facts, the averment that he operated his automobile in "a reckless and unlawful manner" is palpably nothing more than a legal conclusion from facts not stated. What specific act or omission on his part was unlawful or reckless? The Commonwealth does not say. Was he driving at a prohibited rate of speed? Was he under the influence of intoxicants? Was he operating a vehicle known to him to be mechanically defective? Was he weaving in and out of traffic? Was he driving without lights? The Commonwealth does not say.*

Yet the majority opinion holds that the Commonwealth's bald conclusion of unlawful and reckless operation is a sufficient specification of fact and that to ask for the facts on which the conclusion is based is to ask for evidence. I cannot agree with that reasoning because I do not so understand the law of pleading in Pennsylvania.

A motion for a bill of particulars in a criminal case serves the same purpose as a motion for a more specific pleading in a civil action. It is instructive, therefore, to see what the courts have said in cognote question of pleading arising on the civil side. In Burk-

holder v. Westmoreland County Institution District, 362 Pa. 645, 649, Mr. Justice Linn said: "The mere averment of a conclusion is without avail unless supported by a statement of facts. General averments of matters which in themselves are legal conclusions or inferences from facts not stated are insufficient." In Frey v. Dougherty, 286 Pa. 45, 48, it was stated: "While it is not necessary to set forth in a pleading the evidences by which facts are to be proved, it is essential that such facts as the pleader depends upon to show the liability sought to be enforced shall be averred."

In civil cases, the courts of this State, including our own, have held over and over again that general averments of negligence, carelessness or recklessness are merely legal conclusions and not sufficiently specific to notify defendant of what he is called upon to meet. In Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1, 3, Mr. Justice Mochzisker said: "The declaration must give the defendant clear and exact information of the charges against him, and, although it need not anticipate defenses or aver mere underlying evidential facts, yet, the ultimate facts relied upon to show negligence must appear in unequivocal language . . . ".

In Standard Pa. Practice, vol. 3, pp. 468, 469, it is said: "The complaint must contain a full disclosure of all the material facts and details of the respective claims, and it must give the defendant such clear and exact information of the charges against him as will be sufficient to inform him what acts or omissions the plaintiff charges him with, so that he can produce evidence at the trial to explain or deny the allegation of the complaint. If the complaint does not do this, but alleges the negligence in general terms without particulars, it is insufficient. In other words, mere general averments of negligence, averments of 'care-

lessness', or that the defendant 'acted in a reckless, careless, and negligent manner', without stating what the defendant did or omitted to do which amounted to a breach of duty owing to the plaintiff, do not conform to the requirements of proper pleading, and are insufficient if objected to." The foregoing quotation from Standard Pa. Practice is virtually a liberal transcript of the opinion of this court in Herring v. East Penn Electric Co., 28 D. & C. 459, 468.

It is apparent, therefore, that if the alleged bill of particulars in this case had been filed as a complaint in civil action, it would, upon objection by defendant, have been held to be totally insufficient. Why should a defendant in a criminal case be in a worse position? It seems to me that it is a strange system of law which would deny to a defendant in a criminal case, whose liberty or even life may be at stake, information which would be accorded to him as a matter of right in a purely civil case, where nothing more than a money judgment would be involved. Is liberty or life less worthy of protection than money or property?

Defendant in this case has a constitutional right to a fair trial, to be informed of the nature and cause of the accusation against him and to adequate opportunity to prepare his defense and he has a further constitutional right to the equal protection of the laws. In Commonwealth v. O'Keefe, 298 Pa. 169, 172-173, Mr. Justice Walling said: " 'The term "due process of law" when applied to judicial proceedings, means a course of legal proceedings according to those rules and principles which have been established by our jurisprudence for the protection and enforcement of private rights.' . . . It is vain to give the accused a day in court, with no opportunity to prepare for it, or to guarantee him counsel without giving the latter any opportunity to acquaint himself with the

facts or law of the case." Yet the decision of this court now announced denies to defendant information as to the specific acts or omissions which the Commonwealth intends to prove against him, information which he needs to prepare his defense and which the courts in civil cases have always accorded as a matter of right. I can find no justification in law, reason or fundamental fairness for such arbitrary and discriminatory action. In the language of Mr. Justice Black, in Chambers v. Florida, 309 U. S. 227, 84 L. Ed. 716, it seems to me that the action now taken by this court "flouts the basic principle that all people must stand on an equality before the bar of justice in every American court".

Neither can I agree with the majority's position that refusal of the requested information can be sustained as an exercise of discretion. In the circumstances of this case, I think it is a clear abuse of discretion. As Mr. Justice Walling further said in Commonwealth v. O'Keefe, supra, at page 173: " 'It has been authoritatively stated that the right of a citizen to due process of law must rest upon a basis more substantial than favor or discretion.' "

Much of the delay in our criminal procedure is the result of lack of trial preparation on the part of the prosecution and on the part of the defense. As a result many cases that could be tried and terminated in hours require time consuming days and weeks to dispose of because of this lack of preparation. When a case is not fully and adequately prepared by the prosecution and the defense, counsel waste much valuable time in making interviews and investigations during the actual trial that should have been made previous to the trial as part of a well prepared case. It is quite evident that counsel for defendant is making a conscientious effort to prepare this case adequately

for trial. The court now denies him the opportunity to complete that preparation. The Commonwealth has filed a meaningless, indefinite and an evasive bill of particulars. Counsel for the defense, therefore, will be obliged during the actual trial of the case in court to also prepare his case, which, of course, unduly prolongs the trial and results in an outrageous waste of time and money.

I dissent.