# Commonwealth ex rel. Green v. Myers

*Donald C. Green*, p. p.

*Wilson Bucher*, Assistant District Attorney, for respondent.

WISSLER, P. J., October 13, 1961.—The relator has filed a petition for writ of habeas corpus alleging that he is unjustly detained in the State Correctional Institution at Graterford, Pennsylvania. Because the original records disclose only question of law, no hearing was had and the court granted a rule only for the hearing of oral or written argument to hear relator's views on the legal issues involved, returnable Monday, September 18, 1961, at ten o'clock a.m., daylight saving time.

According to the facts and the court records, petitioner, on August 22, 1958, pleaded guilty to a charge of burglary on indictment based on complaint no. 183, June term, 1958, and was sentenced by Judge William G. Johnstone, Jr., to the Eastern Correctional Diagnostic and Classification Center at the Eastern State Penitentiary for a period of not less than two years nor more than four years. Petitioner had waived the

preliminary hearing before the aldermen. On February 20, 1959, defendant-petitioner pleaded guilty to three indictments charging burglary and larceny, based on complaints nos. 224, 225 and 226, December term, 1958, and was sentenced by the writer of this opinion to the Eastern Correctional Diagnostic and Classification Center at the Eastern State Penitentiary at Philadelphia, for a period of not less than two years nor more than four years, said sentence to commence from the expiration of sentence now serving imposed on August 22, 1958. The sentence of February 20, 1959, was imposed on indictment based upon complaint no. 224, December term, 1958, sentence being suspended on indictments based on complaints nos. 225 and 226, December term, 1958. Complaints nos. 224, 225 and 226, December term, 1958, were returned after a fugitive hearing held before Alderman Henry M. Hoover on January 26, 1959. The docket of the clerk of quarter sessions court shows that defendant when asked if he wanted counsel stated that he did not want counsel.

The gravamen of petitioner's complaint is that he was not afforded a preliminary hearing. However, according to the record, petitioner waived a hearing before Alderman E. D. Ober on August 15, 1958, prior to his pleading guilty on indictment charging burglary, based on complaint no. 183, June term, 1958.

In Commonwealth ex rel. Scassera v. Maroney, 179 Pa. Superior Ct. 150, a case in which relator or petitioner charged with burglary was indicted by the grand jury and in company of his attorney entered his plea of guilty and was then sentenced, it was held that the indictment of relator without his first having been given a preliminary hearing before a magistrate did not violate his rights under article 1, section 9, of the Constitution (which provides that in all criminal prosecutions the accused has a right to be heard by

himself and his counsel), or section 10 (which provides that no person shall, for any indictable offense, be proceeded against criminally by information). It was also held, in such case, that relator had in effect waived his preliminary hearing by appearing with counsel and pleading guilty, and that his constitutional right to be heard was amply afforded at this trial, where he was represented by his own counsel.

While it is true that the right of an accused to a preliminary hearing has become a part of the law of this Commonwealth, and ordinarily such hearing cannot be held in the absence of defendant, although this is the general rule there are a number of exceptions. In Commonwealth v. O'Brien, 181 Pa. Superior Ct. 382, in a full discussion of this whole matter, the court stated that where one charged with a crime escapes from an officer and becomes a fugitive from justice, an indictment charging him with the offense committed can be sent to the grand jury without a preliminary hearing or leave of court. In this same case, Judge Woodside stated at page 396 of the opinion: ". . . It does not follow, however, that a different procedure must be pursued when one is in prison in another county than when one is a fugitive."

It is not necessary to have a preliminary hearing in order to furnish information to the prisoner of the offense charged including the time, place and circumstances involved. This information becomes available to him in the indictment and, if not, can be obtained through the court on a bill of particulars. Commonwealth v. Hershman, 171 Pa. Superior Ct. 134.

In the instant case, defendant entered his plea without counsel, though asked by the court before imposing sentence if he desired counsel, to which he replied in the negative. The court feels in this case that defendant has not been deprived of any substantial rights. Especially is this true when he earlier waived the pre-

liminary hearing for which he was sentenced on August 22, 1958, on similar charges, and where he entered his plea of guilty to the charges in the respective indictments he in effect waived his preliminary hearing.

And now, October 13, 1961, for the foregoing reasons, the rule to show cause why a writ of habeas corpus should not be issued is discharged.