401 A.2d 740
**COMMONWEALTH of Pennsylvania**
v.
**Arthur Lee BYCER, Appellant.**

Supreme Court of Pennsylvania.

Argued April 24, 1979.
Decided May 31, 1979.

Donald M. McCurdy, Media, for appellant.

D. Michael Emuryan, Asst. Dist. Atty., Delaware County, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Arthur Lee Bycer, was charged with two counts of involuntary manslaughter in the Court of Common Pleas of Delaware County. The charges arose out of an accident in Haverford Township, Delaware County, on August 1, 1975, when appellant, while operating his automobile, struck and killed two boys.

Trial began on January 26, 1976. During the Commonwealth's case, the prosecutor offered a photograph of one of the decedents as evidence and stated that he intended to offer a photograph of the other. Appellant objected to the admission of the photographs on the ground that they were prejudicial, and the objection was sustained. The court later declared a recess. Several women, who were related to the decedents, held up pictures of the decedents so as to make them potentially visible to jurors leaving the courtroom. Appellant moved for a mistrial. The judge questioned the jurors about the incidents and two jurors admitted seeing the women holding up the pictures, but stated they did not see the content of the pictures. No juror knew the identity of the women or the content of the pictures. Appellant then withdrew his motion for mistrial. The prosecutor objected to the withdrawal of the motion, saying that continuance of the trial would prejudice the Commonwealth. The judge said that the Commonwealth could not move for a mistrial. However, he declared a mistrial *sua sponte*.

A new trial was scheduled for March 26, 1976. Prior to that time, appellant filed a petition for discharge. The court denied the petition, certified that there was a controlling

question of law, and stayed the proceedings pending appeal. The Superior Court affirmed the denial of the petition for discharge, 385 A.2d 1367 (1978), and we granted appellant's petition for allowance of appeal.

Appellant contends that subjecting him to another trial would violate the prohibition of double jeopardy by the Fifth Amendment to the United States Constitution, which is applicable to the states. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

In *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), the court discussed the applicability of the double jeopardy clause to retrial after the abortion of an earlier trial. It held that such retrial is improper unless the previous trial was aborted on a motion by the defendant or out of manifest necessity. Otherwise, it is improper to foreclose the defendant's option to proceed and have his case finally decided by a tribunal he believes might be favorable to him.

We have also applied the manifest necessity rule and held that any doubt about the propriety of the trial court declaring a mistrial *sua sponte* must be resolved in favor of the defendant. *Commonwealth v. Bartolomucci*, 468 Pa. 338, 362 A.2d 234 (1976).

In the instant case, appellant withdrew his motion for a mistrial and asked that the trial be continued. Therefore, the manifest necessity standard applies. Under that standard, we find that it was not proper for the trial court to declare a mistrial *sua sponte*. The questioning of the jurors established that none saw the content of the pictures or knew the identity of the women who showed them. Under the circumstances, no manifest necessity existed and the appellant was entitled to have the trial continue. A retrial after the unwarranted declaration of a mistrial would constitute double jeopardy.

The order of the Superior Court is reversed and appellant is discharged.