456 A.2d 198

**COMMONWEALTH of Pennsylvania**

v.

**Craig W. DIMMIG, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1981.

Filed Feb. 4, 1983.

John J. Kerrigan, Jr., Newtown, for appellant.

Michael S. Goodwin, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before PRICE, MONTEMURO and VAN der VOORT, JJ.*

PRICE, Judge:

On December 1, 1978, appellant, Craig W. Dimmig, was arrested at his home and charged with various narcotics offenses, including possession, possession with intent to deliver, and delivery of controlled substances. The information pertaining thereto was encaptioned Information No. 99 of 1979 ("No. 99"). Appellant was tried and convicted of

* (THIS DECISION WAS REACHED PRIOR TO THE DEATH OF JUDGE PRICE.)

the December 1, 1978 charge before the Honorable William Hart Rufe, III, in the Court of Common Pleas of Bucks County, sitting without a jury on April 30, 1979.

Four days prior to this conviction appellant was again arrested and charged with four complaints of drug offenses and conspiracy. The informations pertaining to these charges were encaptioned Information Nos. 1548 ("No. 1548"), 1549 ("No. 1549"), 1550 ("No. 1550"), and 1551 ("No. 1551") of 1979.

After each arrest appellant filed a request and motion for a Bill of Particulars, each time stating:

1. Give the exact time, date and place that the offenses alleged in the above-captioned information, counts one through twelve, took place.

The Commonwealth's responses to each request were identical, i.e., the bill of particulars furnished for No. 99 read exactly the same as the one furnished for Nos. 1548, 1549, 1550 and 1551. Both bills provided:

1. October 17, 1978 at approximately 9:15 p.m. at the Homestead Family Camp Grounds, Green Lane, PA;

October 18, 1978 at 5:10 p.m. at 111 E. Broad Street, Quakertown, PA;

November 9, 1978 at approximately 7:25 p.m. at 111 E. Broad Street, Quakertown, PA;

November 29, 1978 at approximately 6:15 p.m. at the Homestead Family Camp Grounds, Green Lane, PA;

December 1, 1978 between 4:00 p.m. and 8:00 p.m. at 111 E. Broad Street, Quakertown, PA and at the Homestead Family Camp Ground, Green Lane, PA.

Appellant was called for trial on Numbers 1548–1551 on October 25, 1979. Prior to trial, appellant filed a motion to dismiss the informations on double jeopardy grounds.[1] A hearing was held before the Honorable Isaac S. Garb on October 25, 1979 and the motion to dismiss was denied.

1. In *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court held that the double jeopardy clause of the fifth amendment was binding on the states through the due process clause of the fourteenth amendment.

Immediately thereafter, appellant advised the court of his intention to appeal the order[2] but no request was made for a continuance pending appeal or a supersedeas. Trial began before Judge Garb, sitting without a jury, that same day, October 25, 1979 and verdicts of guilty on information Nos. 1548, 1549, and 1551 were returned. No. 1550 was quashed on the grounds of double jeopardy at the close of the Commonwealth's case since that information involved the December 1, 1978 narcotics transaction, which had been resolved upon the trial of No. 99. Post-trial, appellant filed motions in arrest of judgment and for a new trial. Those motions are still pending below.

The present appeal is from the interlocutory order denying the pre-trial motion to dismiss Information Nos. 1548, 1549, 1550 and 1551 on double jeopardy grounds.

It has become the established rule in Pennsylvania that an order denying a pre-trial motion to dismiss charges on double jeopardy grounds is immediately appealable. *Commonwealth v. Haefner,* 473 Pa. 154, 373 A.2d 1094 (1977), on remand 264 Pa.Superior Ct. 144, 399 A.2d 707 (1979); *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977).[3] In the present case, the trial court, in its Rule 1925 opinion, expressed serious reservations in regard to our court hearing an interlocutory appeal after the conclusion of the trial.[4]

---

**2.** Notice of appeal was filed in this court on November 5, 1979 in accordance with Pa.R.App.P. 902.

**3.** *See also, Commonwealth v. Santiago,* 492 Pa. 297, 424 A.2d 870 (1981); *Commonwealth v. Mitchell,* 488 Pa. 75, 410 A.2d 1232 (1980); *Commonwealth v. Clark,* 287 Pa.Superior Ct. 380, 430 A.2d 655 (1981); *Commonwealth v. Meekins,* 266 Pa.Superior Ct. 157, 403 A.2d 591 (1979); *Commonwealth v. Bycer,* 254 Pa.Superior Ct. 336, 385 A.2d 1367 (1978), rev'd., 485 Pa. 224, 401 A.2d 740 (1979).

**4.** Judge Garb wrote:
[In *Commonwealth v. Bolden* ] the basis for allowing a direct immediate appeal from the denial of a motion to dismiss on grounds of double jeopardy was articulated as being necessary to vindicate the right asserted by the defendant. The right, obviously, is the right not to be tried twice for the same offense.... Those rights not to be twice tried had already been violated when the defendant proceeded to trial without requesting a continuance or a supersedeas. In view of the fact that trial has been held, defendant convicted and

We tend to agree with Judge Garb's analysis that the particular procedure followed by appellant thwarted the protections of his rights which *Bolden, supra,* and *Haefner, supra,* sought to erect.

In *Commonwealth v. Edwards,* 264 Pa.Superior Ct. 223, 399 A.2d 747 (1979), a similar situation occurred. There, the defendant filed a pre-trial motion to dismiss on double jeopardy grounds and upon its denial went to trial the same day. He had timely filed an interlocutory appeal which was brought before us after the conclusion of the trial. While noting that it is still an open question whether one may await the denial of post-verdict motions to raise on appeal the double jeopardy question, insofar as the multiple trial aspect of that protection is concerned, we answered the appeal on its merits, especially since the procedural issue had neither been briefed nor argued by the parties. *Id.,* 264 Pa.Superior Ct. at 226 n. 2, 399 A.2d at 749 n. 2.

We can appreciate appellant's counsel's conscientiousness in giving immediate notice of his intention to appeal to the trial court as there is some authority to suggest that failure to give notice of an interlocutory appeal at this stage of the proceedings may constitute a waiver of the double jeopardy issue.[5] As was the case in *Edwards, supra,* however,

> post trial motions filed, the interests of judicial efficiency would be served by proceeding through argument and disposition of those motions prior to appellate review particularly since the rights to be protected by *Commonwealth v. Bolden, supra* and *Commonwealth v. Haefner, supra* can no longer be vindicated.
> Slip op. at 2–3.

5. For instance, in *Commonwealth v. Potter,* 478 Pa. 251, 386 A.2d 918 (1978), the issue was whether the defendant's third trial for an offense was barred by double jeopardy. Before commencement of trial defendant moved to quash the indictment, the motion was denied and, as this trial took place before the decisions in *Bolden* and *Haefner,* no appeal was taken from the ruling, rather the issue was raised in post-trial motions. The supreme court stated, "Because, however, the instant appeal was taken in October, 1974, long before our decision in *Bolden, supra,* we cannot say that Potter's failure to appeal from the order denying his motion to dismiss was a waiver of his double jeopardy claim," *Potter, supra,* 478 Pa. at 256 n. 3, 386 A.2d at 920 n. 3, thus implying that after these holdings were announced failure to appeal from the interlocutory order could constitute waiver. *See also,*

neither of the parties has addressed the procedural issue on which the lower court deliberately elaborated. We cannot speculate on the reasons why appellant proceeded immediately to trial rather than request a supersedeas during the pendency of the interlocutory appeal. Since the parties offer no argument around which we can adequately frame a rule for this particular procedural situation we will proceed to address the interlocutory appeal on the merits.[6]

Appellant argues that a bill of particulars acts as an *amendment* to an information and restricts the Commonwealth's proof to specific dates, times and places. This being the case, appellant contends, trial on the second information is barred by the prohibition against double jeopardy because the transactions specified in the second bill of particulars are identical to those in the first bill. We do not agree with appellant's interpretation of the effect of a bill of particulars and affirm the denial of the motion to quash.

The function of a bill of particulars is to enable an accused to prepare for trial and to prevent surprise. *Commonwealth v. Mervin*, 230 Pa.Superior Ct. 552, 326 A.2d 602 (1974); *Commonwealth v. Simione*, 447 Pa. 473, 291 A.2d 764 (1972). For this reason our courts have held that the specifics stated in a bill limit and restrict the Commonwealth's proof at trial. "Normally, it would be reversible error to allow the Commonwealth to present evidence which contradicts the bill of particulars...." *Commonwealth v. Bartman*, 240 Pa.Superior Ct. 495, 367 A.2d 1121 (1976). Any other interpretation would thwart the bill's purpose of preventing surprise. Although appellant cites to this same

*Commonwealth v. Gravely*, 486 Pa. 194, 199 n. 2, 404 A.2d 1296, 1298 n. 2 (1979).

6. By so doing we do not repudiate or in any way discourage the policies espoused by our court in *Commonwealth v. Splain*, 242 Pa.Superior Ct. 503, 364 A.2d 384 (1976), and *Commonwealth v. Rabik*, 259 Pa.Superior Ct. 456, 393 A.2d 916 (1978) (a defendant must object on double jeopardy grounds at his first opportunity and cannot sit back and put the Commonwealth to the time and expense of presenting its evidence).

principle he attempts to interpret it as meaning that a bill of particulars actually amends the information and becomes part of the criminal charge. We distinguish between the concepts of restricting proof and amending the information and reject appellant's theory.

The language in *Commonwealth v. Hershman,* 171 Pa. Superior Ct. 134, 90 A.2d 314, (1952), aff'd 374 Pa. 311, 97 A.2d 777 (1953), supports our present position:

> A motion for a bill of particulars does not question the sufficiency of an indictment but rather assumes its validity. When filed, *such bill of particulars does not become part of the indictment.* It therefore cannot remedy by way of amendment a fatal defect in an indictment which charges no offense under the law and, similarly, an indictment good on its face is not rendered demurrable or subject to a motion to quash by a defective or inadequate bill of particulars. (Citations omitted). (Emphasis added).

*Id.,* 171 Pa.Superior at 139, 90 A.2d at 317. "The indictment or information is the star and compass of a criminal charge," *Commonwealth v. Nabried,* 264 Pa.Superior Ct. 419, 422, 399 A.2d 1121, 1122 (1979); the bill of particulars is merely a pleading to limit the Commonwealth's proof. *Commonwealth v. Hershman, supra.*[7]

In the present case, therefore, the information offered in each bill of particulars was broader in scope than the actual trial evidence, i.e., the first bill listed several alleged narcotics transactions but the Commonwealth presented evidence only on the one occurring on December 1, 1978. It was for this offense alone that the appellant was originally convict-

---

7. *See also, Commonwealth v. Bellis,* 279 Pa.Superior Ct. 421, 421 A.2d 271 (1980), vacated, 497 Pa. 323, 440 A.2d 1179 (1981); *Commonwealth v. Russell,* 261 Pa.Superior Ct. 161, 395 A.2d 1365 (1978).

We also note our approval of the analysis of the District Court in *United States v. Dierker,* 164 F.Supp. 304, 306 (W.D.Pa.1958), wherein it stated:

Facts alleged even in a Bill of Particulars ordinarily are not part of an Information or a substitute therefore, *or an amendment thereto.* They neither strengthen nor weaken the Information. They cannot change the offense charged.

ed. In the second trial, the judge below properly dismissed the charge covering the December 1, 1978 transaction on double jeopardy grounds and properly permitted the charges specified in Information Nos. 1548, 1549, and 1551 to stand, as appellant had not yet faced trial on those charges, i.e., he had not been twice placed in jeopardy for those offenses.

We, therefore, affirm the pre-trial order denying appellant's motion to quash and dismiss Informations 1548, 1549 and 1551.