J-S33024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PAUL MITCHELL :
:
Appellant : No. 2787 EDA 2016

Appeal from the Judgment of Sentence August 2, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008193-2015

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED JULY 17, 2018**

Appellant Paul Mitchell appeals from the judgment of sentence entered

following his convictions for Unlawful Contact with a Minor, Criminal Trespass,

and Simple Assault.[1] Mitchell contends that there was insufficient evidence to

support his conviction for Unlawful Contact with a Minor. We affirm.

Mitchell's non-jury trial took place on February 23, 2016. The evidence

established the following:

> On June 16, 2015 at approximately 9:45[]pm, sixteen-year-
> old [S.T.] was at home with her brother on the block of 3100 Rorer
> Street in Philadelphia, Pennsylvania. The two were waiting for
> their parents, who left the home to pick up pizza.
>
> At that same time, Paul Mitchell ("Defendant") was walking
> to his friend Erika's house, which is located at the intersection of

_____

*   Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 3505(a)(1), and 2701, respectively.

Broad and Allegheny. Defendant testified that when he reached the 3100 block of Rorer Street, he saw [S.T.] and mistakenly believed that she was his friend Erika. Defendant approached the house, then knocked on the door. Upon hearing a knock on the door, [S.T.] believed that it was her parents in need of assistance while they were carrying food; however, the person at the door was not her parents, but the Defendant. When she opened the door and saw Defendant, [S.T.] greeted him with "God Bless You," which she says, as a Christian, she does all the time. Defendant reciprocated the greeting saying 'God Bless You" as well.

At this point, the Defendant was one step into the doorway leading into the home. [S.T.] noticed Defendant was on something, or possibly drunk. The contact was made immediately after greeting each other at the door. [S.T.] testified that Defendant, at that moment, tried to enter the house, but she pushed him back by the shoulders, after which Defendant began to rub her breasts. The push from [S.T.] knocked Defendant back a step, and Defendant, then, made a second attempt to enter the home, and began to touch her butt with his hand, but again [S.T.] rejected his advance.

[S.T.], at that point, began knocking on the screen door, while remaining in the doorway, in order to get her neighbor's attention so that her neighbor could come help her. Her neighbor then approached, pulled and talked [sic] the Defendant away from the door, after which [S.T.] quickly shut the door behind her and called her parents. Once off the porch, Defendant stood on the northeast comer of the 3100 block of Rorer Street in front of a corner store until police arrived. Defendant alleged he stood there to avoid making a scene or making people think he had done something wrong because he understood there could have been an issue. He said if someone thought "[he] was trying to touch her . . . in the wrong way [it] could have basically got way serious." One of the officers at the scene, Officer Patrick Quinn ("Quinn"), testified that Defendant was standing on the corner, and was just "looking at the store." Quinn approached the Defendant, but Defendant was "spacey" and not really articulate or communicating with the officers. Quinn asked for identification, and Defendant gave it to him. Officer Quinn and his partner then got a squad car in order to transport Defendant to the Special Victims Unit for questioning.

- 2 -

Trial Court Opinion, filed December 18, 2017, at 1-3 (unpaginated) (some alterations in original; citations to Notes of Testimony omitted).

The trial court found Mitchell guilty of the above-listed crimes, but found him not guilty of Indecent Assault or Burglary.[2] The court sentenced him to serve and aggregate of 17-40 months' incarceration and seven years' consecutive probation.

Mitchell filed a timely notice of appeal, and raises a single issue:

Was not the evidence insufficient to support the verdict of guilty of Unlawful Contact [w]ith a Minor?

Mitchell's Br. at 3.

"Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Ballard**, 80 A.3d 380, 390 (Pa. 2013) (citation omitted). Specifically, we must determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that the Commonwealth proved each element beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa.Super. 2003). Further, "[a]s an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa.Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so

---

[2] 18 Pa.C.S.A. §§ 3126(a)(2), and 3502(a)(1), respectively.

weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa.Super. 2007) (citation omitted).

A person may be found guilty of Unlawful Contact with a Minor if the Commonwealth establishes that the person was "intentionally in contact with a minor . . . for the purpose of engaging in an activity prohibited under . . . Any of the offenses enumerated in Chapter 31 (relating to sexual offenses)." 18 Pa.C.S.A. § 6318(a)(1). The statute defines "Contacts" as "Direct or indirect contact or communication by any means . . . ." ***Id.*** at (c). Here, the Commonwealth argued, and the trial court accepted, that Mitchell was guilty of Unlawful Contact with a Minor "on the basis that he was in contact with [S.T.] for the purpose of committing Indecent Assault," Trial Ct. Op. at 6 (unpaginated). Indecent Assault is an offense enumerated in Chapter 31. ***See*** 18 Pa.C.S.A. § 3126.

Mitchell argues that because he was found not guilty of Indecent Assault, the evidence is insufficient to prove that he contacted S.T. for the purpose of committing Indecent Assault. ***See*** Mitchell's Br. at 9-11. However, our Supreme Court has established that "the Chapter 31 offenses are not predicate offenses for 18 Pa.C.S.[A.] § 6318" and that "a defendant need not be successful in completing the purpose of his communication with a minor in order to be found guilty of § 6318(a)." ***Commonwealth v. Reed***, 9 A.3d 1138, 1146 (Pa. 2010). "[R]ather[,] a defendant is guilty if he contacts a

minor for the purpose of engaging in that prohibited behavior." ***Id.***; ***see also Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006); ***Commonwealth v. Evans***, 901 A.2d 528, 537 (Pa.Super. 2006). Mitchell's acquittal for Indecent Assault does not render the evidence insufficient to prove that he made contact with S.T. for the purpose of committing Indecent Assault.[3]

Mitchell argues that the "legal reasoning" in two cases dealing with the Corruption of Minors,[4] "extends to the instant case." Mitchell's Br. at 11 (citing ***Commonwealth v. Lambert***, 313 A.2d 300 (Pa.Super. 1973) and ***Commonwealth v. March***, 551 A.2d 232 (Pa.Super. 1988)). We find these cases inapposite, as they state only that if the prosecution charges that a defendant is guilty of corruption of minors because the defendant committed a particular act, the prosecution cannot obtain a conviction by proving that the defendant committed some other act. ***See March***, 551 A.2d at 236 ("[W]here an accused is charged with corruption by one act, and the Commonwealth does not prove that act, but proves some other act, a conviction for corruption based upon the other act cannot stand"); ***Lambert***,

---

[3] In ***Reed***, the Court determined that where a defendant had been acquitted of *attempted* Chapter 31 offenses, those offenses could not be the basis under 18 Pa.C.S.A. § 6318(b) for grading Unlawful Contact. ***Reed***, 9 A.3d at 1148. Here, however, Mitchell is not challenging the grading of his offense and moreover, he was not charged with, and therefore not acquitted of, Attempted Indecent Assault.

[4] 18 Pa.C.S.A. § 6301.

313 A.2d at 301 (where Commonwealth charged corrupting the morals of a minor on the basis of defendant's furnishing minors with drugs, defendant could not be found guilty of corrupting the morals of a minor if he was found not guilty of corresponding drug charges).

In contrast, the crime of Unlawful Contact with a Minor requires only proof of intentional contact with a minor for the purpose of committing activity prohibited under a Chapter 31 offense. 18 Pa.C.S.A. § 6318(a)(1); **Reed**, 9 A.3d at 1146. The evidence here was sufficient under that standard to prove each element of Unlawful Contact beyond a reasonable doubt. We therefore hold that Mitchell's argument lacks merit and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/18