J-S06008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHEN E. HOGG JR. | : | |
| | : | |
| Appellant | : | No. 1829 EDA 2023 |

Appeal from the PCRA Order Entered November 21, 2022
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0001294-2016

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 7, 2024**

Appellant, Stephen Hogg, appeals from the November 21, 2022 Order entered in the Carbon County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. Appellant raises ineffective assistance of counsel claims. After careful review, we affirm.

**A.**

A prior panel of this Court set forth a detailed recitation of the crimes underlying Appellant's convictions. *See Commonwealth v. Hogg*, 2018 WL 5317998 at *1-*2 (Pa. Super. Oct. 29, 2018) (unpublished memorandum). For purposes of this appeal, we provide the following relevant history.

After investigating allegations that Appellant raped a friend's 13-year-old child ("Victim") while living with the friend's family in July 2015, the Commonwealth charged Appellant with numerous sexual offenses on May 19,

2016. The criminal Information indicated that these offenses occurred between July 1 and July 14, 2015.

Appellant's counsel, Paul Levy, Esq., submitted notice of an alibi defense, averring that Appellant was not living in Victim's home during the dates alleged in the Information; rather, he was living with his girlfriend from July 1 or 2 through July 14, 2015. On March 29, 2017, the Commonwealth moved to amend the Information to include the entire month of July 2015. The court granted the motion on March 31, 2017.

That same day, Appellant filed an amended alibi notice to account for the full month of July, stating that Appellant had just learned of information indicating that he did not live with Victim's family in July. That same day, he also filed a Petition for Special Relief requesting, *inter alia*, permission to present evidence that he lived with Victim's family in September, not July, and for the court to prohibit the Commonwealth from further amending the Information to include July through September 2015. Petition for Special Relief, 3/31/17, at ¶¶ 9, 11, 17-21.

On April 2, 2017, the eve of Appellant's jury trial, the Commonwealth again moved to amend the Information to enlarge the period in which the assaults allegedly occurred to include July through September 2015. The next day, the court granted the motion to amend following oral argument, and granted Appellant's Petition for Special Relief in part, permitting him to present evidence that he lived with Victim's family in September. The trial immediately proceeded.

During the trial, Victim testified that the assaults occurred in July. Three additional witnesses testified that Victim had disclosed that the assaults occurred in July. Additionally, the responding state trooper, Trooper Nicholas Mantione, testified that he wrote in his initial report that the assaults occurred between July 5 and July 19, 2015, but that he should have included the entire month of July. The investigating state trooper, Trooper Eric Porpiglia, testified that the Affidavit of Probable Cause he filed had indicated that the assaults occurred in the month of July 2015, but that the face sheet, the first page of the criminal complaint, had specified that the assaults occurred between July 1 and July 14, 2015. Appellant testified that he lived with Victim's family in September.

During deliberations, the jury requested to view, *inter alia*, the affidavit of probable cause submitted by police investigators and the first page of the criminal Information. The affidavit of probable cause had not been admitted into evidence, so the court denied the request.[1]

On April 6, 2017, the jury convicted Appellant of all charges. On July 3, 2017, the trial court imposed an aggregate sentence of 18 to 36 years' incarceration. Appellant timely filed a post-sentence motion, which the court partially granted on December 8, 2017, by entering a judgment of acquittal on one count of Involuntary Deviate Sexual Intercourse.

---

[1] The jury foreman explained to the Court that the jury had wanted the affidavit of probable cause, along with the face sheet, to compare discrepancies in the dates but stated that they ultimately did not need it. N.T. Trial, 4/5/17, at 238.

This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allocatur on June 18, 2019. **_See Hogg_**, 2018 WL 5317998, _appeal denied_, 215 A.3d 563 (Pa. 2019). Appellant's judgment of sentence became final 90 days later, on September 16, 2019, after the time for seeking a writ of _certiorari_ to the Supreme Court of the United States had passed.

On June 12, 2020, Appellant filed a _pro se_ PCRA Petition asserting that Attorney Levy provided ineffective assistance of counsel. The PCRA court appointed counsel, who filed amended PCRA Petitions on October 5, 2020, and August 31, 2021. The PCRA court held a hearing on April 26, 2022, during which Appellant and Attorney Levy testified.

Relevantly, Appellant testified that he told Attorney Levy that he wished to have his aunt, Ruth Conley, testify at trial but Attorney Levy did not attempt to secure her presence.[2] In addition, Appellant testified that Attorney Levy had never mentioned filing a bill of particulars to limit the dates of the offenses to support of his alibi defense. On cross examination, Appellant conceded that Attorney Levy had filed the motion for special relief because he had told Attorney Levy that he lived with Victim's family in September, not July.

Attorney Levy testified that he did not call Ms. Conley as a witness because he had not "been able to nail down" her testimony, he did not want a witness who was "on the fence" to say something damaging at trial, and he

---

[2] Ruth Conley had allegedly observed Appellant's last interaction with Victim when she picked him up from Victim's house. Appellant's Br. at 32 (citing N.T. Trial, 4/3/17, at 109).

did not want any inconsistencies with Appellant's testimony. N.T. PCRA Hr'g, 4/26/22, at 42. Attorney Levy also testified that he did not know why he had not filed a bill of particulars. On cross examination, he testified that, while it is possible for the Commonwealth to amend an Information following a bill of particulars, he did not know if the court would have permitted it. He also stated that he "would have preferred" to file a bill of particulars. *Id.* at 54.

Following the hearing and submission of briefs, the PCRA court dismissed Appellant's petition in an order issued on November 21, 2022.

**B.**

After the PCRA court reinstated his appeal rights *nunc pro tunc*, Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I. Did former counsel for [Appellant] render ineffective assistance by failing to file a request for a Bill of Particulars as per Pennsylvania Rule of Criminal Procedure [] 572 thereby allowing the Commonwealth to twice be granted leave to amend the date of the alleged offenses?

II. Did former counsel render ineffective assistance to [Appellant] by failing to speak with a known defense witness, and arrange for the presence of that witness at trial, when that witness could have offered testimony concerning the last-in-time interactions between [Appellant] and the alleged victim?

III. Was former counsel for [Appellant] ineffective for failing to move for the admission of the affidavit of probable cause in this matter prior to the defense resting its case and there were discrepancies as to the dates of the alleged criminal conduct of [Appellant]?

Appellant's Br. at 9 (suggested answers omitted; capitalization altered).

## C.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has provided effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v.*

*Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

With respect to the first prong, a claim has arguable merit "when the factual statements are accurate and could establish cause for relief." *Commonwealth v. Urwin*, 219 A.3d 167, 173 (Pa. Super. 2019) (citation omitted). "Whether the facts rise to the level of arguable merit is a legal determination." *Id.* (citation omitted).

To establish the prejudice prong of the ineffectiveness test, the petitioner must prove that there is a reasonable probability that the outcome of the relevant proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

**D.**

In his first issue, Appellant claims that Attorney Levy rendered ineffective assistance by failing to request a bill of particulars to establish the dates of the offenses. Appellant's Br. at 16, 27. Specifically, he maintains that, if Attorney Levy had requested a bill of particulars, the Commonwealth "would only have been allowed to specify a date or dates" in July when the assaults occurred. Appellant's Br. at 28.

"The traditional function of a bill of particulars is to clarify the pleadings and to limit the evidence which can be offered to support the information."

Pa.R.Crim.P. 572 cmt. A bill of particulars "is intended to give notice to the accused of the offenses charged in the [information] so that he may prepare a defense [or] avoid a surprise[.]" **Commonwealth v. Champney**, 832 A.2d 403, 412 (Pa. 2003). Finally, a bill of particulars does not amend an Information, but rather limits the Commonwealth's proof at trial. **Commonwealth v. Dimmig**, 456 A.2d 198, 201 (Pa. Super. 1983).

Significantly, we afford the Commonwealth "broad latitude" when attempting to ascertain the date of incidents of child sexual abuse. **See Commonwealth v. G.D.M., Sr.**, 926 A.2d 984, 990 (Pa. Super. 2007) ("Case law has established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of conduct."); **Commonwealth v. Groff**, 548 A.2d 1237, 1241 (Pa. Super. 1998) (explaining that "the [C]ommonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child"). Our Supreme Court has declined to adopt a *per se* rule concerning the length of time within which the Commonwealth must establish that a defendant had committed an offense. **Commonwealth v. Devlin**, 333 A.2d 888, 892 (Pa. 1975). Rather, it has endorsed a case-by-case inquiry that considers the nature of the crime and the age of the victim. **Id.**

\*

Appellant contends that the criminal Information was "not specific as to the date when [Appellant] supposedly assaulted [Victim], which had a direct

bearing on any alibi defense which [he] may have wished to assert[.]" Appellant's Br. at 27. He maintains that a bill of particulars would have required the Commonwealth "to specify a date or dates" for the offense in July 2015, because there was "no information whatsoever" that Victim was assaulted any time "other than during July 2015," and would have limited the Commonwealth to presenting only evidence consistent with the bill of particulars. *Id.* at 28.[3]

In addressing this claim, the PCRA court observed that it had permitted the Commonwealth to amend the criminal Information based on "updated information regarding the timeframe when Appellant was residing at [Victim's] residence" and that the 3-month time frame "reasonably apprised Appellant of the dates of the crime charged." PCRA Ct. Op. at 6. It also noted that the Commonwealth was not required to provide a specific date since the Victim was a child when the incidents allegedly occurred. *Id.* at 7. Therefore, it concluded that counsel was not ineffective for failing to request a bill of particulars. *Id.*

---

[3] Appellant also argues that Attorney Levy's failure to file a bill of particulars constituted *per se* ineffectiveness, so he need not prove prejudice. *See* Appellant's Br. at 19 (citing, *inter alia,* **Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999); **Commonwealth v. Halley**, 870 A.2d 795 (Pa. 2005)). These cases pertain to the deprivation of a petitioner's constitutional right to a direct appeal, such as a failure to file a notice of appeal or a Rule 1925(b) statement. Appellant fails to explain how Attorney Levy's actions fit the "extremely narrow" circumstances constituting *per se* ineffectiveness. **Commonwealth v. Brown**, 18 A.3d 1147, 1156 (Pa. Super. 2011). Therefore, Appellant must demonstrate prejudice to obtain relief.

Our review of the record reveals that there is not a reasonable probability that the outcome of Appellant's trial would have been different if counsel had filed a bill of particulars. Victim was 13 years old at the time of the offenses and testified consistently that Appellant lived with her family and assaulted her in July 2015. *See* N.T. Trial, 4/3/17, at 86-87, 90, 107, 119, 120, 142. In addition, three other witnesses testified that Victim had disclosed that the assaults occurred sometime in July 2015.[4] The Commonwealth solely presented evidence that the assaults occurred in July 2015.

Thus, considering the case law relevant to child victims and the jury's finding the Victim credible, Appellant has not demonstrated that there is a reasonable probability that the outcome of the trial would have been different if counsel had filed a bill of particulars. Therefore, Appellant's first claim fails.

**E.**

Appellant next claims that Attorney Levy rendered ineffective assistance because he failed to arrange for Appellant's aunt, Ms. Conley, to testify at his trial. Appellant's Br. at 30. He further asserts that Ms. Conley's testimony would have been "critical" to his defense and thus maintains that Attorney

---

[4] *See* N.T. Trial, 4/3/17, at 152, 160 (Dr. Marla Farrell, who examined Victim); 166-67, 177, 187 (Victim's father); 202 (Jill Geisinger, Carbon County Children and Youth caseworker); N.T. Trial, 4/4/17, at 168-69 (same). Additionally, Trooper Mantione's initial report indicated that the assaults happened between July 5 and July 19, 2015, though he stated that the report should have reflected the whole month of July. *Id.* at 32-33, 39.

Levy should have subpoenaed Ms. Conley, interviewed her, and determined her willingness to testify. *Id.* at 35- 36.

It is well-settled that "[t]o prove arguable merit based on trial counsel's failure to call a witness, a PCRA petitioner must show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice." *Commonwealth v. Robinson*, 278 A.3d 336, 343 (Pa. Super. 2022) (citation and internal quotation marks omitted). A petitioner fails to demonstrate a purported witness's willingness to testify if he fails to call that witness at his PCRA hearing or offer an affidavit or other evidence of their willingness to testify. *Commonwealth v. Selenski*, 228 A.3d 8, 17 (Pa. Super. 2020).

The PCRA court observed that Appellant failed to meet his burden to demonstrate Ms. Conley's willingness to testify at his trial because he did not call her to testify at his PCRA hearing or present any other evidence indicating her willingness to testify at his trial. PCRA Ct. Op. at 8.

We agree with the PCRA court. Our review of the record confirms that Appellant did not provide an affidavit from Ms. Conley or call her to testify at the PCRA hearing. He, thus, did not establish the first prong of the ineffectiveness test, *i.e.*, that his claim had arguable merit. *Robinson*, 278 A.3d at 343. Accordingly, this claim fails to garner relief.

**F.**

Finally, Appellant claims that Attorney Levy rendered ineffective assistance because he failed to move for the admission of the affidavit of probable cause into evidence, thus preventing the jury from viewing it during deliberations. Appellant's Br. at 37, 41. Specifically, Appellant argues that the affidavit of probable cause was relevant because the timeline of events was "vitally important" and, thus, counsel had no reasonable basis for failing to move for its admission. *Id.* at 40-41. However, he fails to state how admission of the affidavit of probable cause would have changed the outcome of his trial.

The PCRA court found that Appellant suffered no prejudice because Victim testified that the assaults occurred in July 2015, the affidavit alleged that the assaults occurred in July 2015, and Appellant's alibi was that he did not reside with Victim's family in July 2015. PCRA Ct. Op. at 9-10. Therefore, the court concluded that it was "unlikely" that jury's viewing the affidavit would have changed the outcome. *Id.*

We agree with the PCRA court that Appellant failed to demonstrate he suffered prejudice due to counsel's failure to move the affidavit of probable cause into evidence. The jurors heard testimony that the affidavit of probable cause indicated that the offenses occurred sometime during the month of July, while the face sheet of the criminal complaint filed by Trooper Porpiglia specified that the offenses occurred between July 1 and July 14, 2015. N.T. Trial, 4/4/17, at 122, 125, 130, 155. The jury was, therefore, aware of the

- 12 -

discrepancies between the affidavit of probable cause and face sheet. In light of Trooper Porpiglia's testimony, as well as the other evidence presented at trial, Appellant fails to convince this Court that the PCRA court abused its discretion in concluding he suffered no prejudice. *See Commonwealth v. Brown*, 196 A.3d 130, 161 (Pa. 2018) (no prejudice where counsel failed to introduce certain evidence because the jury was already aware of the underlying information). Because Appellant has not satisfied the prejudice prong of the ineffectiveness test, his final claim lacks merit.

## G.

We conclude that all issues Appellant raises lack merit. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2024

- 13 -